S ULMER & SONS CO v SCHULMAN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16798. Decided Oct 24, 1938

Ulmer, Berne & Gordon, Cleveland, for plaintiff-appellant.

Greenfield, Malitz & Greenfield, Cleveland, for defendants-appellees.

## OPINION

By LEVINE. PJ.

The Court of Common Pleas made an order on the 6th day of April, 1938, directing the attorneys, Ulmer, Berne & Gordon, that a transcript of testimony in the above entitled case which had been withdrawn from the clerk of court by counsel for the defendants and subsequently, on March 24, 1933, had been delivered to counsel for the plaintiff, and which transcript of the testimony has been lost, that a copy should be made by the stenographer at the estimated cost of $165.00 and further ordered that Ulmer, Berne & Gordon have such copy made and delivered to the clerk of the Common Pleas Court and placed in the files.

A brief narrative will assist. It appears that in 1931 the S. Ulmer & Sons Company, by their attorneys, filed an action for injunction against Philip Schulman and others as defendants. On June 13, 1931, a decree was entered by the Court of Common Pleas in favor of the plaintiff. Thereafter an appeal was taken to the Court of Appeals by the defendants. At the hearing before the Court of Appeals each side submitted to the court a typewritten copy of the testimony which it had offered upon the prior hearing in the Court of Common Pleas. These copies were not submitted in the form of bills of exception but merely in the form of a transcript of evidence to take the place of oral testimony, as provided in the rules of court.

The Court of Appeals decided the case in 1932. On April 28, 1932, one of the defendants, through his counsel, obtained from the clerk of court both transcripts of evidence submitted by each side. He gave the clerk of courts his receipt therefor. On March 24, 1933, some eleven months later, counsel for defendant delivered to Ulmer, Berne & Gordon, attorneys for the plaintiff, the copy of the evidence which had been submitted by the plaintiff in the Court of Appeals, and took from Ulmer, Berne & Gordon a receipt acknowledging that they had received the same from the attorney for the defendants. This receipt was filed by counsel for the defendants with the clerk of court. On December 28, 1937, some five and a half years later, and after the disposition of the case in the Court of Appeals, one of the defendants in the original action filed a motion in the Common Pleas Court praying for an order to compel Ulmer, Berne & Gordon to return to the files in the Court of Common Pleas said transcript of plaintiff's evidence. No ruling was had at the time upon said motion.

On February 28, 1938, a motion was filed by the said defendants, entitled "Motion to show cause," asking that the Court of Common Pleas require C. R. Berne to show cause why he should not be cited for contempt. On April 6, 1938, the Court of Common Pleas made an entry in which the court found that the case was finally disposed of by the Court of Appeals in the year 1932; that the transcript of the testimony of the plaintiff had been withdrawn from the files of the clerk of court by counsel for the defendants; that subsequently on March 24, 1933, the same had been delivered to counsel for the plaintiff; that the receipt which counsel for the plaintiff gave to counsel for the defendants was filed by counsel for the defendant with the clerk of court; that said transcript of testimony of the plaintiff had been lost but that a copy thereof could be made by the stenographer at an estimated cost of $165.00. The court thereupon ordered Ulmer, Berne & Gordon to have a copy made and placed in the files of the Common Pleas Court, to all of which exceptions were duly taken.

Two questions are presented to us upon the record as follows:

1. Is the order of the Common Pleas Court possible of performance?

It will be noted that the order of the Court of Common Pleas commanded that a copy of the transcript which had been lost could be prepared and filed with the clerk of Common Pleas Court. It appears from the bill of exceptions that there were twenty-three (23) exhibits attached to the said transcript when originally submitted to the Court of Appeals. That in making a copy of the transcript the said exhibits could not be attached as they are not in existence at this time. The order commanded that Ulmer, Berne & Gordon furnish a copy of the original transcript of plaintiff's evidence as it was submitted to the Court of Appeals.

In view of the fact that twenty-three

(23) exhibits were attached to the said original transcript the order cannot be complied with in the absence of said twenty-three (23) exhibits. A court of equity is without power to order the performance of an impossible act.

2. Were these copies of testimony of the plaintiff and the defendant submitted by plaintiff and defendant to the Court of Appeals, properly a part of the record?

It will be noted that these transcripts of testimony furnished by both plaintiff and defendant to the Court of Appeals were not in the form of bills of exceptions which by order of the court were made a part of the record. These copies were furnished in accordance with a rule of the Court of Appeals which permitted the parties, by agreement, to submit written copies of the evidence in lieu of oral testimony. Each party prepared its transcript of its own evidence at its own expense. The Court of Appeals at no time made any order concerning these written transcripts. These transcripts were furnished to the judges of the Court of Appeals and were not required to be filed with the clerk of court. The transcript of the evidence which each side furnished to the Court of Appeals, in support of its contention must not be confused with a bill of exceptions.

In our opinion, the clerk of the court of Common Pleas was under no duty to retain these transcripts as part of the record. Upon the disposition of the case by the Court of Appeals, each side could properly withdraw its transcript of evidence submitted by it.

As to the point made by the appellee that the order appealed from is not a final order, we have but this to say.

The order made by the Court of Common Pleas affects a substantial right of the appellant. They are ordered and required to expend money in the preparation of a copy of the transcript, and if the order is allowed to remain undisturbed, a failure so to do will, in all probability, result in further action to compel the performance of the order.

We are of the opinion that the Court of Common Pleas was without authority to make the order which it made.

The judgment of the Court of Common Pleas is ordered reversed and final judgment is entered in favor of the appellant.

LIEGHLEY, J, concurs.
TERRELL, J, not participating.